IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>       v.<br><br>**JOHN B. BAIRD** | **CRIMINAL ACTION NO. 10-339**<br><br>**CIVIL ACTION NO. 14-5318** |

<u>**MEMORANDUM AND ORDER**</u>

Baylson, J.                                                                                                         November 19, 2014

      Pending before the Court is a petition under 28 U.S.C. § 2255 filed by defendant John Baird who was indicted on four counts of mail fraud, following which he pled guilty to all four counts pursuant to a plea agreement.   Defendant was sentenced to 60 months of incarceration, plus restitution to his victims, and supervised release after release from prison.

      Defendant's motion for post-conviction relief under 28 U.S.C. § 2255 primarily raises "improper denial of request to withdraw guilty plea" but also asserts that his defense counsel was ineffective, that he is innocent and the factual predicate upon which Count Four is based is false. Defendant attaches a statement of facts to support his petition.

      Defendant's direct appeal to the United States Court of Appeals for the Third Circuit resulted in an affirmance of the sentence with a non-precedential opinion dated October 23, 2013.

      After filing the above post-conviction petition on October 20, 2014 (ECF 82), defendant also filed a motion on November 14, 2014 requesting recusal of the undersigned and also that he be allowed to secure additional discovery (ECF 83).

      Defendant's motions for post-conviction relief and for recusal and for additional discovery will be **DENIED** for the following reasons:

      1.        Defendant's motion for recusal asserts that the undersigned judge gave a "public

interview" regarding the defendant after he imposed sentence.   I categorically deny giving any public interview.   To the extent defendant cites a radio broadcast in which my voice was heard, I use electronic sound recording as a means of making a record in all of my judicial proceedings, which recordings are available to the press and the public through PACER.   It is not unusual for radio and television stations to subscribe to PACER and secure copies of the audio recordings of court proceedings and to play them on radio or television.   That has happened many times.   Assuming someone heard my voice discussing defendant and/or the imposition of his sentence, through the use of PACER, that would be the only means by which my voice would have been aired on a radio station.

   2. The defendant's motion for post-conviction relief will be **DISMISSED**.   In its opinion affirming the judgment of sentence, the Third Circuit upheld this Court's refusal to allow defendant to withdraw his guilty plea.   That is defendant's primary contention in his petition, and this Court sees no grounds to allow at this point what this Court previously refused to allow, which conclusion was upheld by the Third Circuit.   In addition, the defendant executed a valid waiver of his right to file a post-conviction petition in his plea agreement.   Paragraph 6 of the agreement, states:   "The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement.   In addition, in paragraph 8 of his plea agreement, defendant specifically agreed "in exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence or any other matter relating to this prosecution, whether such right of appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law."   The additional

grounds which defendant asserts in his petition, ineffective counsel, and an assertion of innocence, even if not waived, are not supported by any facts.  In the plea agreement, and at the sentencing, defendant acknowledged his satisfaction with his counsel.  Any assertion of incompetent counsel at the appellate level would have to be made directly to the Third Circuit.  Defendant fully admitted his guilt, and his belated claim of innocence is frivolous.

For all of the above reasons, defendant's motion for post-conviction relief will be **DISMISSED,** his motion for recusal of the undersigned will be **DENIED,** and his motion for discovery will also be **DENIED**.

There are no grounds to issue a certificate of appealability.

**BY THE COURT:**

*/s/ Michael M. Baylson*

_____
**Michael M. Baylson, U.S.D.J.**

O:\Criminal Cases\10-339 baird\10cr339.111814.memo.order.docx